United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                              Case No. 18-14475-jkf
Mary A McCann                                                       Chapter 13
        Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0313-2           User: admin                 Page 1 of 2               Date Rcvd: Oct 04, 2019
                               Form ID: 3180W              Total Noticed: 11
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 06, 2019.
```
db              #+Mary A McCann,    41 Midland Ave,    Berwyn, PA 19312-1647
14191500         +Easttown Township,    c/o Portnoff Law Associates, Ltd.,    P.O. Box 3020,
                   Norristown, PA 19404-3020
14175606         +TD Bank, N.A.,    c/o Schiller, Knapp, Lefkowitz, & Hertze,    Payment Processing,    PO Box 16029,
                   Lewiston, ME 04243-9507
14184000         +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,    PO Box 9013,
                   Addison, Texas 75001-9013
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg              E-mail/Text: megan.harper@phila.gov Oct 05 2019 02:45:42     City of Philadelphia,
                   City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                   Philadelphia, PA  19102-1595
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Oct 05 2019 02:45:23
                   Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                   Harrisburg, PA  17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Oct 05 2019 02:45:34     U.S. Attorney Office,
                   c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
14351923         EDI: ECMC.COM Oct 05 2019 06:38:00      ECMC,    PO BOX 16408,    ST. PAUL, MN 55116-0408
14168518        +E-mail/Text: dbogucki@trumark.org Oct 05 2019 02:45:50     TruMark Financial Credit Union,
                   335 Commerce Drive, P.O. Box 8127,    Ft. Washington, PA 19034-8127
14193175        +EDI: AIS.COM Oct 05 2019 06:38:00      Verizon,    by American InfoSource as agent,
                   4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
14178107         EDI: WFFC.COM Oct 05 2019 06:38:00      Wells Fargo Bank, N.A.,    Default Document Processing,
                   N9286-01Y,    1000 Blue Gentian Road,    Eagan, MN 55121-7700
                                                                                               TOTAL: 7

                 ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 06, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 3, 2019 at the address(es) listed below:
```
              AMANDA L. RAUER    on behalf of Creditor    WELLS FARGO BANK, N.A. Amanda.rauer@pkallc.com,
               chris.amann@pkallc.com;nick.bracey@pkallc.com;Samantha.gonzalez@pkallc.com;jill@pkallc.com;mary.r
               aynor-paul@pkallc.com;harry.reese@pkallc.com
              FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              HARRY B. REESE    on behalf of Creditor    WELLS FARGO BANK, N.A. harry.reese@pkallc.com,
               chris.amann@pkallc.com;nick.bracey@pkallc.com;jill@pkallc.com;samantha.gonzalez@pkallc.com;mary.r
               aynor-paul@pkallc.com;amanda.rauer@pkallc.com
              JAMES RANDOLPH WOOD    on behalf of Creditor    Easttown Township jwood@portnoffonline.com,
               jwood@ecf.inforuptcy.com
              JILL   MANUEL-COUGHLIN    on behalf of Creditor    WELLS FARGO BANK, N.A. jill@pkallc.com,
               chris.amann@pkallc.com;nick.bracey@pkallc.com;samantha.gonzalez@pkallc.com;harry.reese@pkallc.com
               ;mary.raynor-paul@pkallc.com;amanda.rauer@pkallc.com
              KEVIN G. MCDONALD    on behalf of Creditor    Toyota Lease Trust bkgroup@kmllawgroup.com
              LAWRENCE S. RUBIN    on behalf of Debtor Mary A McCann echo@pennlawyer.com,    foxtrot@pennlawyer.com
              MICHAEL J. SHAVEL    on behalf of Creditor    Trumark Financial Credit Union
               mshavel@hillwallack.com,    lharkins@hillwallack.com;jrydzewski@HillWallack.com
```

```
District/off: 0313-2           User: admin              Page 2 of 2               Date Rcvd: Oct 04, 2019
                               Form ID: 3180W           Total Noticed: 11
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
            SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com, ecf_frpa@trustee13.com
            United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
            WILLIAM  MILLER*R    on behalf of Trustee WILLIAM  MILLER*R ecfemail@FredReigleCh13.com, ECF_FRPA@Trustee13.com

                                                                                                   TOTAL: 11

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Mary A McCann** | Social Security number or ITIN **xxx–xx–1372** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **18–14475–jkf** | |

# Order of Discharge                                                                                               12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Mary A McCann

10/3/19                                                **By the court:**     Jean K. FitzSimon
                                                                             United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**